NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000750
18-JAN-2017
08:07 AM

NO. CAAP-14-0000750

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WERNER PLASTERING, INC., a Hawaii corporation,
Claimant-Appellant,
v.
BLACK PEAK CONSTRUCTION, LLC, a Colorado limited liability
corporation, THE SHOPS AT WAILEA, L.P., a Delaware limited
partnership; L'OCCITANE, INC., a corporation,
Respondents-Appellees,
and
JOHN DOE ONE THROUGH 100; JANE DOE ONE THROUGH 100; X
CORPORATION; ABC PARTNERSHIP; AND DEF, LLC,
Respondents


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(MECHANIC LIEN NO. 13-1-0004(2))


MEMORANDUM OPINION
(By:  Nakamura, Chief Judge, Reifurth and Ginoza, JJ.)

Claimant-Appellant Werner Plastering, Inc. (**Werner**) appeals from the "Final Judgment Pursuant to Rule 58 of the Hawaii Rules of Civil Procedure" (**Judgment**), filed on April 4, 2014 in the Circuit Court of the Second Circuit (**circuit court**).[1] Werner challenges two orders: (1) the "Order Granting Respondent Black Peak Construction, LLC's Motion to Dismiss Application for Mechanic's and Materialman's Lien Filed on April 30, 2013" (**Order Granting Motion to Dismiss**), filed on September 13, 2013; and (2) the "Order Denying Claimant Werner Plastering, Inc.'s Non-Hearing Motion to Reconsider Order Granting Respondent Black Peak

---

[1]  The Honorable Peter T. Cahill presided.

Construction, LLC's Motion to Dismiss Application for Mechanic's and Materialman's Lien filed on April 30, 2013 Based Upon Newly Discovered Evidence" (**Order Denying Motion to Reconsider**), filed on October 2, 2013.

On appeal, Werner contends the circuit court erred: (1) by granting Black Peak Construction, LLC's (**Black Peak**) Motion to Dismiss because Werner had an outstanding discovery request to Respondent-Appellee L'Occitane, Inc. (**L'Occitane**) seeking documents, and L'Occitane had not yet responded to the request; (2) by denying Werner's Motion to Reconsider because the circuit court did not consider the additional documents that Werner attached to its motion; and (3) because Black Peak, which claimed to be an unlicensed general contractor, lacked standing to seek dismissal.

For the reasons discussed below, we vacate and remand.

## Brief Background

On April 30, 2013, Werner filed "Werner Plastering, Inc.'s Application for Mechanic's and Materialman's Lien; Notice of Mechanic's and Materialman's Lien and Demand for Payment" (**Application for Lien**) pursuant to Hawaii Revised Statutes (**HRS**) Chapter 507, Part II. Werner claimed, *inter alia*, that (1) on December 14, 2012, Werner entered into a contract with Black Peak "to perform all the work and to furnish all the materials for framing of ceiling, walls, and soffits, hanging and taping drywall with imperial finish (except for imperial plaster to be supplied by owner), building and painting of the barricade wall, painting of all interior walls, demolition of interior and exterior store front for a project known as 'L'Occitane-Shops At Wailea,'" located in Wailea, Maui, Hawaiʻi (**the Project**); (2) the contract provided that Black Peak would pay Werner $48,546 for the work; (3) The Shops At Wailea, L.P. (**Shops At Wailea**) was the fee owner of the property and granted a lease for part of the property to L'Occitane, which required the improvement of the property; (4) L'Occitane contracted with Black Peak for the construction of the improvements on the property; (5) Werner

2

provided labor and material for the work and improvements on the property beginning on or about December 1, 2012; and (6) Black Peak failed to pay Werner the remaining amount of $37,067.36 for the labor and material furnished under the contract between Black Peak and Werner. Werner attached the "Black Peak Construction Subcontract Agreement" (**Subcontract**) to the Application for Lien.

On July 25, 2013, Black Peak filed "Respondent Black Peak Construction, LLC's Motion to Dismiss Application for Mechanic's and Materialman's Lien Filed on April 30, 2013" (**Motion to Dismiss**). Black Peak asserted that it was not licensed pursuant to HRS Chapter 444, and that HRS § 507-49(b) precludes lien rights to a subcontractor if the general contractor is not licensed pursuant to HRS Chapter 444. Thus, Black Peak asserted that the Application for Lien must be denied. Although it styled its motion as a motion to dismiss, Black Peak attached a declaration of a member of Black Peak, Eric Wyancko (**Wyancko**). Wyancko stated that "Black Peak entered into a Subcontract Agreement with Claimant Werner Plastering, Inc." and "[a]t no time between December 14, 2012, and the present was Black Peak licensed under the Hawaii contractor's licensing laws."[2]

According to a declaration by William Crockett (**Crockett**), Werner's counsel, Werner served a request for production of documents upon L'Occitane on August 1, 2013, in which Werner requested:

> to inspect and copy each of the following documents (as defined by Rule 34 of the Hawaii Rules of Civil Procedure) including without limitation contracts, memoranda, correspondence, other writings, and the like, that led respondent Black Peak Construction, LLC to undertake work at 3750 Wailea Alanui Drive, Wailea,. Maui, Hawaii, for a project know as "L'Occitane Shops at Wailea."

---

[2] Wyancko's declaration does not contain any statement that Black Peak was a general contractor for the Project. At the same time, Werner's Application for Lien referred to Black Peak as the "Respondent General Contractor", and the Subcontract between Werner and Black Peak states that Black Peak had entered into a general contract with L'Occitane dated November 26, 2012.

On August 9, 2013, Shops At Wailea and L'Occitane filed "Respondents the Shops of Wailea, L.P. and L'Occitane, Inc.'s Limited Joinder in [Black Peak's Motion to Dismiss]" (**Limited Joinder**). The Shops At Wailea and L'Occitane asserted that they took no position as to Black Peak's motion, however, if the court dismissed the Application for Lien as to Black Peak it should also dismiss the Application for Lien as to Shops At Wailea and L'Occitane.

On August 14, 2013, Werner filed separate memoranda in opposition to Black Peak's motion and the Limited Joinder. In the memorandum in opposition to the Limited Joinder, Werner argued, *inter alia*, that pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 56(f), it was entitled to additional time for discovery to determine the nature of the relationship between Black Peak and L'Occitane. Werner attached Crockett's declaration, in which Crockett attested that Werner's request to L'Occitane for documents had been served on August 1, 2013, and that L'Occitane had not yet responded.

On August 23, 2013, the circuit court held a hearing regarding Black Peak's motion. The circuit court orally granted the motion and dismissed Werner's Application for Lien as to all parties.

On September 6, 2013, Werner filed "Claimant Werner Plastering, Inc.'s Non-Hearing Motion to Reconsider Order Granting Respondent's Black Peak Construction, LLC's Motion to Dismiss Application for Mechanic's and Materialman's Lien Filed April 30, 2013 Based Upon Newly Discovered Evidence" (**Motion to Reconsider**) pursuant to HRCP Rule 59(e). The Motion to Reconsider requested reconsideration based on two documents that Werner obtained after the hearing on the Motion to Dismiss: (1) an Application for Building Permit, which listed JC Certified Builders as the Builder for the Project; and (2) an extract copy of the Hawaii Contractors License Board, which showed Jerome F. Cambra as doing business as JC Certified Builders and as a licensed general contractor.

4

On September 13, 2013, the circuit court filed the Order Granting Motion to Dismiss.

On October 2, 2013, the circuit court filed the Order Denying Motion to Reconsider.

On April 4, 2014, the circuit court filed the Judgment.

On April 8, 2014, Werner timely appealed from the Judgment.

## Discussion

On appeal, Werner contends the circuit court erred when it granted Black Peak's motion because HRS § 507-49(b) protects the general public, not unlicensed general contractors and thus, Black Peak did not have standing to move to dismiss Werner's Application for Lien. Werner further contends that the issue as to whether Black Peak was the general contractor on the Project was very much at issue, and that Werner should have been allowed to obtain documents from L'Occitane pursuant to the then-pending request for documents. We agree that, under HRCP Rule 56(f), Werner deserved additional time for discovery given its request to L'Occitane that was pending when the circuit court granted Black Peak's motion.

In addressing Black Peak's Motion to Dismiss, the circuit court was presented with, and considered, facts outside of the Application for Lien. Therefore, the Motion to Dismiss was converted into a motion for summary judgment. Wong v. Cayetano, 111 Hawai'i 462, 476, 143 P.3d 1, 15 (2006); 808 Dev., LLC v. Murakami, 111 Hawai'i 349, 362, 141 P.3d 996, 1009 (2006). We review de novo, under summary judgment standards.

HRS chapter 507 Part II is titled Mechanic's and Materialman's Lien. HRS § 507-42 (2006) provides:

> §507-42 When allowed; lessees, etc. Any person or association of persons furnishing labor or material in the improvement of real property shall have a lien upon the improvement as well as upon the interest of the owner of the improvement in the real property upon which the same is situated, or for the benefit of which the same was constructed, for the price agreed to be paid (if the price does not exceed the value of the labor and materials), or if the price exceeds the value thereof or if no price is agreed upon by the contracting parties, for the fair and reasonable

5

value of all labor and materials covered by their contract, express or implied.

Where the terms of a lease, contract of sale, or instrument creating a life tenancy require the improvement of the real property, the interest of the lessor, vendor, or remainderman in the improvement and the land upon which the same is situated shall likewise be subject to the lien, and any provision for forfeiture or other penalty against the lessee, vendee, or life tenant in case of the filing of a mechanic's or materialman's lien or actions to enforce the same, shall not affect the rights of lienors.

HRS § 507-49(b) (2006) provides an exception to the right to obtain a lien:

§ 507-49 **Exceptions.**

. . .

(b) Anything contained in this chapter to the contrary notwithstanding, no general contractor as defined in this chapter or the general contractor's subcontractor or the subcontractor's subcontractor who is required to be licensed pursuant to chapter 444 shall have lien rights unless the contractor was licensed pursuant to chapter 444 when the improvements to the real property were made or performed, and no subcontractor or subcontractor's subcontractor so licensed shall have lien rights if the work was subcontracted to them by a general contractor as defined in this chapter or the general contractor's subcontractor who was required to be licensed but was not licensed pursuant to chapter 444.

(Emphasis added.)  A plain reading of HRS § 507-49(b) provides that a general contractor (as defined in chapter 507) or a subcontractor does not have lien rights if the general contractor is required to be licensed pursuant to HRS chapter 444 and is not so licensed.

HRS § 507-41 (2006) defines "General Contractor" as "a person who enters into a contract with the owner[3] for the improvement of real property."  Further, HRS § 444-9 (2013) provides: "[n]o person within the purview of this chapter shall act, or assume to act, or advertise, as general engineering contractor, general building contractor, or specialty contractor

---

[3]  HRS § 507-41 (2006) defines "Owner" as:

the owner of the real property or of any interest therein who enters into a contract for the improvement thereof and who may be the owner in fee of the real property or of a lesser estate therein, the lessee for a term of years therein, the person having any right, title, or interest in the real property which may be sold under legal process, or a vendee in possession under a contract for the purchase of the real property or of any such right, title or interest therein.

without a license previously obtained under and in compliance with this chapter and the rules and regulations of the contractors license board."

The question of whether Black Peak was a general contractor related to Werner's work on the Project was a key part of the dispute before the circuit court. As noted, the definition of general contractor under HRS § 507-41 requires a contract for the improvement of real property with the owner of the property. No party disputes on appeal that whether Black Peak was a general contractor is a material question of fact in this case. Given the circumstances, we agree with Werner that the circuit court should have allowed Werner additional time for discovery pursuant to HRCP Rule 56(f) given the pending request for production of documents to L'Occitane.

HRCP Rule 56(f) provides:

**(f) When affidavits are unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"The purpose of [HRCP] Rule 56(f) is 'to provide an additional safeguard against an improvident or premature grant of summary judgment.'" Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawai'i 277, 307, 172 P.3d 1021, 1051 (2007) (citation omitted). Further,

[t]he rule should be applied with a spirit of liberality. Although discovery need not be complete before a case is dismissed, summary judgment is proper only if the nonmovant has had adequate time for discovery. To this end, Rule 56(f) allows a party to request a delay in granting summary judgment *if the party can make a good faith showing that postponement of the ruling would enable it to discover additional evidence which might rebut the movant's showing of the absence of a genuine issue of material fact. The party is required to show what specific facts further discovery might unveil.*

Id. at 308, 172 P.3d at 1052 (citation omitted, block format altered).

Werner asserted below that it was entitled to additional time for discovery pursuant to HRCP Rule 56(f) because L'Occitane had not yet responded to Werner's request for documents, which sought "contracts, memoranda, correspondence, other writings, and the like, that led respondent Black Peak Construction, LLC to undertake work" for the Project.

Whether Black Peak was a general contractor related to Werner's work on the Project is relevant to whether Werner may be entitled to a lien. That is, given the undisputed evidence that Black Peak was not licensed under the Hawaii contractor licensing laws, Werner would be barred from obtaining a lien if indeed Black Peak was a general contractor. If, however, Black Peak acted in a different capacity -- for instance as an agent of the owner, as Crockett hypothetically argued below -- Werner may be entitled to a lien regardless of Black Peak's contractor licensing status. Discovery was ongoing when the circuit court considered Black Peak's motion and, in particular, Werner's outstanding request for documents was pending at the time. Werner's discovery request to L'Occitane directly addressed the relationship between L'Occitane and Black Peak for the Project and was relevant to whether Black Peak was in fact a general contractor for the Project. See Exotics Hawaii-Kona, Inc., 116 Hawai'i at 308, 172 P.3d at 1052. The circuit court abused its discretion in not allowing Werner time to obtain a response to its pending discovery request to L'Occitane and summary judgment was thus premature.

Because the circuit court erred in granting Black Peak's motion, we need not address Werner's Motion to Reconsider.

As to Werner's final point of error, asserting that Black Peak did not have standing to seek dismissal, we simply note that Werner named Black Peak as a party to this lien action. Given these circumstances, we see no basis to conclude that Black Peak lacked standing to seek dismissal.

8

## Conclusion

Based on the above, the "Final Judgment Pursuant to Rule 58 of the Hawaii Rules of Civil Procedure," filed on April 4, 2014, in the Circuit Court of the Second Circuit, is vacated. This case is remanded to the circuit court for further proceedings consistent with this opinion.

DATED: Honolulu, Hawai'i, January 18, 2017.

On the briefs:

William F. Crockett,
for Werner Plastering, Inc.

Michael C. Bird,
Tracey L. Kubota,
Summer H. Fergerstom,
(Watanabe Ing LLP)
for The Shops At Wailea, L.P.
and L'Occitane, Inc.

James W. Geiger,
(Mancini, Welch & Geiger LLP)
for Black Peak Construction, LLC.

Chief Judge

Associate Judge

Associate Judge